(86 South. 122)

REEVES v. STATE. (6 Div. 724.)

(Court of Appeals of Alabama. June 15, 1920.)

1. CRIMINAL LAW ⬤➡747—CONFLICTING EVIDENCE FOR JURY.

Where the evidence was in sharp conflict, the question of defendant's guilt was a question of fact for the jury.

2. CRIMINAL LAW ⬤➡829(1) — REQUESTED CHARGES SUBSTANTIALLY COVERED PROPERLY REFUSED.

Refusal of requested charges covered substantially by the given charges and by the oral charge of the court was not error.

Appeal from Circuit Court, Lamar County; A. S. Vandegraaff, Judge.

Elbert Reeves was convicted of violating the prohibition law, and he appeals. Affirmed.

The indictment contained five counts, but the fifth count was withdrawn. The first count charges a sale, and the other count charges an offering for sale, keeping for sale, or otherwise disposing of prohibited liquors. Jim Johnson testified that he was at the defendant's, and the solicitor asked him the following questions, each of which were objected to and to each of which he answered, "Yes": "Were you working for him?" and "Were you living in the house with him?" and "Did he have any liquor there at his house during the time you stayed with him?" Later the witness was asked and permitted to answer the following questions: "Had you been present and knew of his selling whisky to anybody else during that period that you were there?" On the cross-examination of Tobe Cribbs, the witness for defendant, he was asked and required to answer the following questions: "You stopped there at Reeves' house for the purpose of getting some liquor, didn't you?"

No counsel marked for appellant.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in the admission of the evidence. 63 Ala. 80: 12 Ala. App. 227, 67 South. 715; 8 Ala. App. 414, 62 South. 997; 164 Ala. 631, 51 South. 415; 79 South. 677; 81 South. 139; Acts 1915, p. 30. Counsel discuss other assignments of error, but without further citation of authority.

BRICKEN, P. J. This cause was submitted in this court on April 22, 1920. The case was tried in the circuit court of Lamar county on September 7, 1916, but it seems that the record first sent up was never received by the clerk of this court and was lost entirely.

The defendant was indicted, tried, and convicted for violating the prohibition law, the indictment containing four counts.

[1] There was evidence which, if believed by the jury, would have authorized the conviction of the defendant upon three separate counts of the indictment. The jury, however, rendered a verdict finding him guilty under the second count only. The evidence was in sharp conflict as to each of the charges in-

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

volved, thereby making it a question of fact for the determination of the jury in each instance.

Numerous exceptions were reserved to the ruling of the court upon the evidence. We are of the opinion it would serve no good purpose to treat these exceptions separately or specifically, and therefore refrain from so doing. We have examined every ruling of the court complained of, and are of the opinion that no error appears which affected injuriously the substantial rights of the defendant.

[2] The exceptions reserved to the oral charge of the court are without merit, and in refusing the several written charges requested by the defendant the court did not err. These charges were either bad or were covered substantially by the given charges and by the oral charge of the court.

No error of a reversible nature appearing in any of the rulings of the court, and the record being free from error, the judgment of conviction is affirmed.

Affirmed.